Case number 317-050, located in Illinois, Adelaide, and Maricopa, v. Sophanavong, Sophanavong, Idaho, Illinois. Please proceed. Good morning, Your Honors. Good morning. Mr. Ossoff. My name is Santiago Durango. I'm an assistant appellate defender with the Office of the State Appellate Defender, and I represent the defendant appellant in this appeal, Mr. Fubon Sophanavong. May it please the Court. The defendant entered a fully negotiated guilty plea to 55 years for felony murder. I have a requested argument in case this Court has to address the person's parent's decision to give over his issue. In this case, there was no written pre-sentence investigation report because of the agreed sentence. Under Section 5-3-1 of the Unified Code of Corrections, a written pre-sentence investigation report can be waived when there is an agreed sentence. There can be what I like to call a limited oral pre-sentence investigation report presented to the Court where the defendant's criminal history is given to the Court, and that includes the prior offenses committed by a defendant and his prior or her prior sentences. The Court then is required under the statute to make a finding as to the defendant's criminality and the prior sentences. And the purpose of these requirements are so that the Court is fully informed as to the character of the defendant when it decides whether to accept the fully negotiated plea or to reject the fully negotiated plea. It is a strict compliance statute. In this case, there was no strict compliance because the Court was not informed of the defendant's sentence for his prior Class I felony. The First District in People v. Haywood essentially ruled that something such an error, although not on the facts of this case, but generally ruled that this statute does not apply to fully negotiated guilty pleas. The premise for the Court's reasoning in Haywood is that when you have a fully negotiated guilty plea, a defendant is not allowed to simply challenge the sentence because that will allow a defendant to benefit from his bargain, while unfairly holding the State to its end of the bargain. However, that's a misunderstanding of the purpose of the PSI waiver statute. As I mentioned, the PSI waiver statute is intended, the purpose of it is to inform the Court of the defendant's character. What did the Court know about this? The Court did not know of the defendant's prior sentence for the Class I felony. Did they know about it or did they not? They did not know about it at the guilty plea hearing. So the defendant wishes that the Court had known and committed another crime before sentencing him? The Court should have known, yes, and this is why. Because if, in this case, the defendant was sentenced to probation, had the Court known that the sentence was probation, it may have thought the sentence that was agreed upon was too harsh. Now, let's say that he would have been sentenced to 15 years for the Class I felony. The Court may have thought that the agreed-upon sentence was too low. We don't know. But the Courts have stated that they do not want to open a Pandora's box of harmless error review. In Evans, a Fifth District case cited in my brief, the Courts expressly stated that we do not, that the Courts do not want to, let me rephrase that, let me back up. The Courts stated that there is no harmless error review allowed. It's a strict compliance statute. Okay, but the Courts also said that you can't, if you want to, if you want a sentencing hearing, if you want to try to go with that as a plea, you've got to withdraw your plea. Exactly. Is that done here? No, there was no challenge of that sort in this case. There is no waiver of the requirements under the PSI waiver rule. That is because the requirement that the Court be informed of the defendant's prior criminal history and the sentences is for the benefit of the Court. So there is no waiver of the requirement of strict compliance with the statute. And let me sort of present a scenario that may give the Court a different context. Let's say this was a case where a written pre-sentence investigation report would have been required. If that written pre-sentence investigation report had not contained the sentences that the defendant had previously been, that had previously been imposed on the defendant, that would not be an adequate written pre-sentence report. Why should the law be any different for an oral pre-sentence report? The prior sentences should be included in a written pre-sentence report and should also, if follows, be included in an oral pre-sentence report. So having said that, the Haywood Court, well, let me back up a second to your question, Justice Schmidt. This Court can also reference the strict compliance requirements of the PSI waiver statute to the situation with Rule 604D strict compliance requirements. Under Rule 604D and the strict compliance requirements, there is no de minimis exception to compliance with the rule. Even if the error is minimal, there still needs to be compliance. So under Rule 604D, if counsel on his certificate writes or indicates that he reviewed the proceedings at the guilty plea or the sentence, or that he consulted with the defendant about the guilty plea proceedings or the sentencing, that, although a minuscule error, requires remand because counsel should have stated that he consulted with the defendant about the guilty plea and the sentencing. So when we're dealing with strict compliance statutes or rules, it's clear from the language of the Supreme Court that harmless error review is not on the table and that there must be strict compliance with all of the requirements of the statute. Something I'm confused about. Is the requirement that the guilty plea be withdrawn a condition for us hearing the appeal? No, Your Honor. That has nothing to do with the remedy in this case. The remedy when there has been no strict compliance with the PSI waiver provisions is for the court to vacate the sentence and to remand to the trial court for compliance with the PSI waiver provisions. So let's say that this court were to grant relief in this case. This court would vacate the sentence and remand the case to the trial court where compliance with the provision. What do you think is going to happen on remand? On remand in this case, the court will be informed that defendant was sentenced to probation for his prior Class I felony. At that point, the court has the choice of either accepting or rejecting the... What's your best guess of what it's going to do? I cannot guess, Your Honor. Would it be crazy to assume that the judge is going to then accept the negotiated plea? It's a guess. It's a guess. Even with this, if they got the pre-sentence report to find out he got probation before. I think that's a compelling reason for the trial court to reject this fully negotiated plea. I don't know. The court may say this sentence is too harsh for this 45-year-old defendant given the circumstances of the case. Or the court may say it's not harsh enough. We just don't know. And again, that opens the door, the Pandora's box of harmless error review that the Supreme Court has indicated it does not want to happen in this case. The same line of reasoning, I suppose, could be applied to 604D remand. If we remand for a 604D compliance so that a defense counsel can correct the certificate to say and instead of or, that's harmless error review and it's not permitted under 604D because it's a strict compliance statute. And by the same reasoning, the PSI waiver statute does not encompass harmless error review. If this case is remanded, as I was mentioning, this court would vacate the sentence. It would go back. The correction, the error would be corrected, hopefully. And if it's corrected, then the court would be fully informed as to defendant's history and character. And then the court can make the knowing decision as to whether it will accept the plea. Now, let's say the court accepts the plea, then it accepts the plea. But at least the court will be fully informed when it makes that decision. The majority of cases say that this statute is strict compliance. That's your argument? Yes. Now, Haywood is an outlier because all the other cases say strict compliance. We've got to remand to get the judge to comply with the statute. Whether there's going to be a proper waiver or not. Exactly. PSI. I guess, obviously, the client's aware of what's requested because this could be pretty detrimental for the client on the remand. Or beneficial. We just don't know. Again, it could be beneficial because... I mean, it's in this way. The desire to have this appeal could be dire for this client, right? This defendant, at the moment, has a life sentence. It can only improve for him if this cause is remanded. And, again, we don't know, but the court may decide to rule that the sentence... He's got a harsh sentence anyway. Could it be worse off for the defendant on remand? It could. In theory, it could. There are theoretical options that can make it worse, right? Yes. Not in this situation, but perhaps in other cases. But in this case, a remand could only benefit the defendant. That's 105 years or something like that. A 55-year sentence, but he was 45 years old when he was sentenced. It's a life sentence. If we vacate the sentence, are we also vacating the guilty plea? No, you are not. You are not. And my brief cites the cases discussing the relief that is authorized in these situations. Now, the relief, as I understand it, if there is strict compliance with that statute, you remand it for the judge to either get a PSA or get a proper waiver. Exactly, Your Honor. That's the remand. That's the remand. That's the instructions this court would give. Exactly. And if on remand the judge, after being fully informed of the defendant's history, decides that he will accept the guilty plea, then everything stands as it is right now. But the court also has the option of refusing to accept the agreed sentence, and then the parties are restored to the status quo ante and start all over again. But that is all based on what the judge's decision will be on remand. Because a judge has discretion under Santabello to accept or reject plea offers. Now, Haywood is an outlier. It is, Your Honor. Okay. And what's your position on the logic that Haywood used to say, Wait a minute. Since the negotiated plea remained in effect, the defendant, Haywood, didn't have any grounds to cry foul. Again, our discussion shows why Haywood does not apply here, because the issue of withdrawing the guilty plea is the defendant is not asking to withdraw his guilty plea. The defendant is simply asking to be sentenced fairly in this case. If he was sentenced fairly, there would be no withdrawal of the guilty plea. However, if the judge agrees that the sentence was a fair sentence, then everything stays as it is. Generally, to ask for a new sentencing hearing or something like that, you can't do that if the negotiated plea remains in place, right? Right. That's a general position. Right. The bottom line is that the defendant here is not seeking to alter the agreement with the state. He's not asking to lower his sentence. I know he's not asking, but generally, when there's an attack on the sentence, there's a requirement that the plea be withdrawn. Exactly. That's the general law, right? Right. And you're saying the statute is a narrow exception when you've got the PSI problem. Yes. I would go further and say that the statute does not touch the realm of withdrawing a guilty plea, because, again, the defendant is not seeking to reduce his sentence while holding the state to its end of the bargain. If the sentence is too high or too low, the remedy is not to increase or decrease the sentence. The remedy is to allow a defendant to withdraw the guilty plea and restore the status quo ante. And that's what the cases addressing the remedies in this situation discuss. So, again, the cases show that the purpose of the statute is for the benefit of the court. It is not intended to allow a defendant, to provide a loophole to defendants, to somehow get their sentence lowered in the fully negotiated guilty plea context while holding the state to its bargain. In this case, the bargain the state made was that it dropped charges and agreed not to prosecute relatives of the defendant. If the defendant is allowed to withdraw his guilty plea due to the lack of compliance with the PSI waiver statute, the state would then be allowed to reinstate the dismissed charges if it wants it to seek prosecution of other people, which was important to this guy. Let me ask you one more question. A minute ago, you said the defendant is not seeking to alter his agreement with the state. That's correct, Your Honor. Then what is the whole point of this exercise? Again, Your Honor, this is for the benefit of the court. It's so that the court under Santabella can decide whether the sentence is a fair sentence, whether it will accept the plea or whether it will reject the negotiated plea. That is a power that the trial court has. If the trial court believes that the sentence was too low, it can say so. I understand all that, but I was just wondering about it. It's a concern for the court not trying to get a lesser sentence. Right. The Evans case has a fantastic discussion of why this rule is what it is. Counsel, you've answered my question, so I think you're out of time right now. Counsel, you may proceed. May it please the Court? Counsel. Section 531 of the Correctional Code states that a trial judge does not have to order a PSI where there's an agreed sentence, provided there is a finding as to the defendant's criminal history, which includes any previous sentence. This section requires strict compliance. It's not subject to waiver. But this Court in Perez held that as long as the trial judge is aware of the defendant's criminal history, the judge has complied with the statute and may accept the sentencing agreement. Perez held that where the trial judge complies with the statute and imposes the exact sentence that the defendant has agreed to, the defendant cannot challenge the sentence as being excessive. Here, as part of the guilty plea, the people agreed not to prosecute the defendant on two of the three murder counts or for aggravated kidnapping or for violation of an OP. And they proceeded only on the felony murder charge based on aggravated kidnapping. Both the people and the defendant waived the PSI. The trial judge did not have before him a written criminal history, but the people recited the defendant's short history, which included that he had a prior Class I felony for delivery of cannabis. He also had convictions for speeding and a seat belt violation. The defendant did not object to or add to the people's statement of the defendant's criminal history. The defendant's 55-year negotiated sentence includes a non-enhanced term of 30 years for first-degree murder. Now, in this case, the judge was not informed about the dispositions that the defendant received in prior cases. My understanding is that he did know the exact sentences that the defendant received. And that makes the case you cite different from this case. You're speaking to the Haywood case, then? No, I'm talking about Perez. Yes, Perez. And just not knowing that isn't strict compliance, right? That's correct. There's not strict compliance in that case. And isn't that a problem raised by the majority position? I mean, Haywood is an outlier, isn't it, the First District case? It's the only case that I'm aware of that's taken it. It's still based on a motion to withdraw in a guilty plea, that it's in the same realm. Because if a defendant doesn't make the arguments in his motion to withdraw that the judge didn't consider his prior sentences, then according to the general rule on motions to withdraw, then he is waived there for appellate review. Isn't it recognized that when you come to this statute, it's not about the general rule, it's about strict compliance? Strict compliance with the statute. So there's not been the requirement in the majority cases. There's a lot of cases, Bob Bryant, Walton, Evans, Wright, all those cases. They don't go down the avenue in the First District. Like I say, this is an outlier compared to the other cases. So this judge didn't strictly comply. I can't deny that, Your Honor. That's correct. And under the, if we're following, if we were to follow the analysis of Evans, Bryant, Walton, you know, and other cases, that's the problem, isn't it? That is, I'm not disputing it. You're absolutely right, Your Honor. At that point, that is true. But there also is, for instance, the Fifth District in Evans talked about that Section 531 is for the enlightenment of the trial judge. It's primarily concerned with making the judge aware of the dangerousness of the particular defendant. And the factual basis that the people provided in this case informed the trial judge of this particular defendant's dangerousness because they informed the judge that the defendant had violated an order of protection. He forced his estranged wife into a car and drove off with her in front of witnesses. He shot her and left her body in the car, and then he attempted to commit suicide. And the gun that he had had the bullets match those found in his wife's body. Therefore, there was no air of prejudice here because the trial judge was aware of his criminal history, despite the fact that he didn't have the sentences. And the facts of this case showed the dangerousness of this particular defendant. That would be creating new law if we all of a sudden said there's no showing of prejudice. And so then, therefore, you know, you don't have to worry about this statute. That would be going down a new line, right? Potentially. Potentially. Potentially. I mean, this would be. It would be in keeping, I think. Like Haywood, we would be the outlier case. I think it would be in keeping with Haywood. I don't think you would be supporting Haywood. Well, yeah, I'm comparing it to Haywood. I mean, we would be the two outliers in this area. One of the things we, I think we, while the strict compliance is definitely, you know, we absolutely are in agreement. There's no way I can contest that. But we also have our Supreme Court in Evans talking about the judge needs to be aware of the defendant's criminal history. And we also have in this case the facts that the defendant did not raise a sentencing issue in his original motion to withdraw. He didn't raise a sentencing issue in his first appeal. He didn't raise a sentencing issue in his second motion to withdraw. And he doesn't challenge the denial of his second motion to withdraw in this appeal. So we've had all these opportunities in appeal and motion to withdraw to bring up this particular sentencing issue, though it is strict compliance, and he never did until this appeal. I mean, one of the Supreme Court cases talks about the strict compliance with, you know, that was Young Bay, right? Okay. That the pre-sentence investigation report was a mandatory legislative requirement, which not being a personal right of defendants could not be waived by that. Correct. But 531 then allows that waiver. Under strict circumstances, you have to strictly comply with that waiver. Correct. And strictly speaking, we all know that he did not get the actual sentence dispositions in this case. But at no point did this defendant contest any part of that sentencing, that guilty plea agreement that he entered into. Does that bar him? I'm sorry, Your Honor? Does that bar him? Does that bar him? Under general principles, it would. And if we go with Justice Carter's argument in point of view here that wherever there's not strict compliance, it's always a remand is, in my understanding, your position? I'm talking about with the case law, the majority of the case law. Haywood's an outlier to this. And, you know, if we would come down with a decision saying, talking like, well, there's no prejudice, then we're not strictly complying with statute. If we took the Haywood approach, which is an outlier, that's like the Haywood approach to make a difference, sort of like apples and oranges. They talk about this other thing when all the cases that talk about the strict compliance say the statute requires it. It's not open for exceptions. It says, here's what has to happen. Correct. Let me ask you this. Is there a Supreme Court case that says that normal rules of forfeiture don't apply when the alleged error below is a failure of some judge somewhere to strictly comply with something or other? In certain areas there are, like in the ZEHR principles, when you don't. But then there are always, if I may, I don't mean to interrupt you, there are always exceptions to that also. I mean, if you don't strictly comply with giving the admonitions to a jury, the four different principles, and ask if they understand and accept, you know, if a judge doesn't do that properly, there's still avenues where the judge can be found to be in compliance, even though that, too, is a strict compliance rule. But there's a difference between, you know, is this more like 604D kinds of analysis or is this more, you know, the ZEHR principles are case law principles. Well, they've been codified in the rules. I mean, that's how Game Hop People versus ZEHR is the one that started it. Sure, yes, yes. And then the Supreme Court codified it in their rules, right? Correct. Okay. It's not a statute, but it's... Not from the legislature, that's correct. Well, aren't they the same as a statute? Yes, it has the same forces of law, yes. And so this is a similar type of situation. The 604D is, I think, a little different in the respect that counsel is not saying that he actually did his job, that he didn't look at the trial transcript, didn't look at the sentencing, didn't look at the guilty plea, if you don't have the word and. You don't know that this counsel has actually gone back and done the job that he's supposed to do or she's supposed to do in order to represent the defendant adequately in the guilty plea situation under 604D. So we have here a completely different situation where we have a record of what happened exactly. We do know that there wasn't absolutely strict compliance because he didn't get the actual sentences that came down. We know it's a felony one, so we know that max, he could have gotten 15, or in this case, the record doesn't show this, but Mr. Durango says that he got probation. I accept that. The judge didn't know that. That's correct. If we were to go out there, Haywood is an outlier that's talking about, like, it appears to me apples and oranges, if you go to the Haywood route, because you're dealing with a statute which is different from an analytical standpoint, from an analysis standpoint. So what you're suggesting for us to do, again, would be a case of first impression to carve out this kind of exception to the mandatory strict compliance rule, right? But I don't think it's a first impression because we have Haywood already. First impression is the wrong word. But you're asking us to create another type of exception to the statutory requirement, right? In line with Haywood because that follows in the general principles of, in your motion to withdraw, you have to make all your issues, raise all these arguments. But the reason I say Haywood's logic in the analysis is sort of faulty because it's sort of a, they say there's other things in front of the statute that don't increase the compliance. So we don't have to worry about that because we'll use this other general rule, right? Yes, I think that would be the correct analysis. Okay, so if we were drafting an opinion in this case to follow your suggestion, we would have to say that the statute can be not compliant with under certain circumstances. And how would you verbalize those circumstances? In line with, for instance, the Fifth District Evans case where they talked about where the judge knows the dangerousness of the defendant, as in this case presented by the factual basis of the crime itself, it's pretty horrific in public. So we would be saying that it's not strictly compliant, but we know the statute doesn't require strict compliance, right? In terms of knowing the actual sentences, I mean, it's in the rule, I mean, in the law, 531. But I think that importance can be diminished by the judge knowing all the different criminal history and by, if you haven't, like in this case. But we're ignoring a word in the statute, right? I mean, we're ignoring the fact that the judge is supposed to know what the sentences were, right? That's pretty true in every exception that a court creates. Yeah. And it's not unusual for a court even to be a case law exception to the statute. It would be. It would. Can't even. Constitutional violations be forfeited? Yes. Yes, absolutely. So it comes down to which principle trumps the other, in a sense, where the judge gets all the information except the exact sentence given and the defendant fails to raise it in their motion to withdraw. Counsel has two minutes. Thank you. We believe that, in a sense, would trump the strict compliance with giving the sentences as long as the judge knows that the individual did have the convictions. And in this case, we also know that he did not have a waiver of an enhanced or extended sentence so the judge knew that there weren't additional crimes that could have enhanced his sentence and that they negotiated that out. You're arguing harmless error. I'm sorry, Your Honor. You're arguing harmless error. You're saying there's no prejudice, so there's no harm. In a sense, that would be true. And we're not supposed to do harmless error with strict compliance. You know, we didn't argue it in our brief. You know, we're saying there's no prejudice based on the other factors here. To say it's harmless error is maybe, as was said, we didn't argue that. So I can't make that argument now. You didn't argue it because you couldn't argue it in this kind of situation. Right. So you're replacing the word harmless with well, there's no prejudice. In part, but the bigger... And that's the analysis harmless error goes into, right? Yes, but the point is, the overall point is that this defendant never preserved his rights. All along, this defendant could have objected at the time that the factual basis was given, the criminal history was given and such. Did not do it at the time. Did not add to the criminal history and say, oh, by the way, the sentences are this. Let you know this. Didn't complain about the sentence at all. Didn't foot any sentencing issue, racist at all, during four opportunities to do so. This isn't a forfeiture situation, is it? It can be under the motion to withdraw principles, yes. Time is up, Counselor. As Justice Schmitt pointed out, even constitutional violations, which this is not, can be forfeited when you don't raise them. And that's exactly what happened in this case. The defendant never raised it until now. Any other questions? Thank you. There's no forfeiture. Forfeiture does not apply in this case. The Supreme Court made that clear in Young v. District compliance statute, the issue cannot be waived. So forfeiture does not apply here. That, under stare decisis, this court is bound by that decision. Any opinion to the contrary by any court in Illinois, any lower court in Illinois, would clash with the Supreme Court's decision that there is no waiver. Young v. is a pretty old case, 1980, right? Yes, it is, Your Honor. The Supreme Court hasn't touched on this since. It went back to it in Harris, and Harris reaffirmed Young v. Exactly, Young v. Yes, yes, and the lower courts have followed the Supreme Court on this question. The other point I would like to mention is that Evans provides no comfort to the people. Evans, in Evans v. District, stated that there is no harmless error review, expressly stated there's no harmless error review in this case. And the opinion on rehearing in Evans is particularly good at explaining the policy behind the strict compliance requirement of the statute. They dwell into it in detail. Which Supreme Court case did you say? Young v. was the initial case, and then Harris, 82, Illinois 2nd, 556. If the Court has any further questions, anything that I could clarify for the Court, I would be more than happy to try and answer the Court's questions. Otherwise, we would ask that the defendant's sentence be vacated and discussed. Thank you, Your Honor. The Court will take this matter under advisement in the vendor's decision.